| der Form (06/97) | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| me of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
| ASE NUMBER | 03 C 8733 | DATE | 12/8/2003 |
| CASE TITLE | Mohammed Jumah vs. Rohit Sharma, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MOTION:

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, as stated at the outset, both the Complaint and this action are dismissed for lack of subject matter jurisdiction. By definition this dismissal is without prejudice to Jumah's reinstitution of this action in a state court of competent jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 0 8 2003 | |
| | Notified counsel by telephone. | date docketed | 2 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 12/8/2003 |
| SN | courtroom deputy's initials | 03 DEC -8 AM 11:53 | date mailed notice SN |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMED JUMAH,            )
                           )
         Plaintiff,        )
                           )
    v.                     )   No. 03 C 8773
                           )
ROHIT SHARMA, et al.,      )
                           )
         Defendants.       )

MEMORANDUM OPINION AND ORDER

Mohammed Jumah ("Jumah") has just sued three defendants--Rohit Sharma ("Sharma"), Inderjit Mann ("Mann") and T Mart Inc. ("T Mart")--by seeking entry into this federal court on diversity of citizenship grounds. This memorandum opinion and order is issued sua sponte to dismiss this action because the Complaint carries its own death warrant in those terms--as our Court of Appeals has consistently taught in such cases as <u>Wisconsin Knife Works v. National Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In that respect, Complaint ¶1 correctly identifies T Mart's dual corporate citizenship under 28 U.S.C. §1332(c)(1)[1] as Wisconsin-based, then goes on to identify Sharma as an Illinois citizen and Mann as a Wisconsin citizen. But what the same

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



paragraph says about Jumah is this:

> The Plaintiff is a resident of the STATE OF ILLINOIS.

And that allegation is echoed in Complaint ¶2:

> The Plaintiff, MOHAMMED JUMAH, is an Illinois resident, residing in Oak Lawn, Illinois.

Because Jumah's counsel has thus inexplicably spoken of Jumah's place of residence rather than his state of citizenship, that failure calls into play the teaching of Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Most often when it encounters such a flawed allegation, this Court gives counsel a brief opportunity to cure that error, basing that more generous treatment on the probability (though not at all a certainty) that a party's place of residence will most often coincide with his or her state of citizenship.

But in this instance that same probability expressly torpedoes, rather than creating any prospect of, subject matter jurisdiction under the nearly-two-century-old decision in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) that requires total diversity as between all of the parties on one side of the versus sign and all of the parties on the other side. And the speculative possibility that Jumah might not be a United

2

States citizen would make no difference, because of the provision in the last sentence of Section 1332(a) that would deem him an Illinois citizen.

Accordingly, as stated at the outset, both the Complaint and this action are dismissed for lack of subject matter jurisdiction. By definition this dismissal is without prejudice to Jumah's reinstitution of this action in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 8, 2003